UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAIMIE McCANN (#172093)                                         CIVIL ACTION

VERSUS

DR. PREJEAN, ET AL.                                             NO. 10-0646-JJB-CN

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, October 4, 2011.

                              **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JAIMIE McCANN (#172093)**                                    **CIVIL ACTION**

**VERSUS**

**DR. PREJEAN, ET AL.**                                        **NO. 10-0646-JJB-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 14. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Johnny Prejean, Social Worker Lexi Benggeli, Warden Howard Prince and EHCC, complaining that the defendants have violated his constitutional rights by exhibiting deliberate indifference to his serious medical needs.[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]"

---

[1] In his Complaint, the plaintiff did not provide a first name for defendant Prejean and misspelled the name of defendant Benggeli. The Court has substituted the correct identifying information which is provided in the defendants' Motion to Dismiss.

Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court further stated that while there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, "something beyond ... mere possibility ... must be alleged." Id. Specifically, the facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, as amended, the plaintiff alleges that in July, 2009, while he was confined at the Forcht Wade Correctional Facility in Keithville, Louisiana, medical personnel at that facility discontinued a medication (Klonopin) which he had been on for most of his life. As a result, his body "shut down", and he began having seizures and migraine headaches. He alleges that he was thereafter transferred to Winnfield Parish Correctional Facility and then, on April 12, 2010, to EHCC where he is currently confined.[2] He asserts that medical providers at EHCC thereafter denied him appropriate treatment for his temporomandibular joint disorder ("TMJ"), that Dr. Prejean refused to provide the plaintiff with a medication (Soma) which the plaintiff asserts was needed to treat that condition, that medical providers at EHCC refused to provide him with false teeth which had been made for him at the Winnfield Parish facility, that Dr. Prejean prescribed him Dilantin for his seizures instead of the Klonopin which had previously been prescribed, and that the Dilantin caused his hands and feet to swell.[3]

---

[2] Inasmuch as the defendants named in this proceeding are all associated exclusively with EHCC, and inasmuch as the plaintiff's factual allegations relate principally to events occurring at EHCC, the Court does not interpret the plaintiff's claim as including events occurring prior to his arrival at EHCC in April, 2010. Further, from a review of subsequent pleadings filed by the plaintiff, it appears that he was released from EHCC in October, 2010, but was re-arrested in 2011 and has since been returned to EHCC. The Court does not interpret the plaintiff's claim in this case as including events occurring after his release from EHCC in October, 2010.

[3] In his opposition to the defendants' motion, the plaintiff asserts that a dentist at EHCC, Dr. Leger, should be added as a party to this proceeding. See rec.doc.no. 20. To the extent that this assertion may be interpreted as seeking leave of Court to amend the Complaint, this request shall be denied. This lawsuit has been pending for more than a year, and the plaintiff was fully aware of his claim against the referenced dentist when he filed the original Complaint in September, 2010. See rec.doc.no. 1 at p. 6. Accordingly, this request comes too late.

Initially, the Court notes that the plaintiff has named the EHCC treatment center as a defendant in this proceeding. Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as the prison medical department to sue or be sued is determined by the law of the state in which the district court sits, <u>Darby v. Pasadena Police Dept.</u>, 939 F.2d 311 (5th Cir. 1991). Further, pursuant to the express terms of 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. Applying these rules, the EHCC treatment center is not a person within the meaning of this statute. <u>See</u>, e.g., <u>Brewin v. St. Tammany Parish Correctional Center</u>, 2009 WL 1491179 (W.D. La., May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983"). Further, to the extent that the plaintiff's Complaint may be interpreted as naming EHCC itself as a defendant, this entity, as well, is not a "person" within the meaning of § 1983. <u>Id.</u> <u>See also</u> <u>Castillo v. Blanco</u>, 2007 WL 2264285 (E.D. La., Aug. 1, 2007) (holding that EHCC is not a person within the meaning of this statute). <u>See also</u> <u>Glenn v. Louisiana</u>, 2009 WL 382680 (E.D. La., Feb. 11, 2009) ("[a] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983."). Accordingly, the plaintiff fails to state a claim or cause of action against the EHCC treatment center and/or EHCC in this case.

Further, to the extent that the plaintiff's Complaint may be interpreted as seeking to impose liability upon the Louisiana Department of Public Safety and Corrections, which oversees EHCC and other prisons within the State of Louisiana, this claim fares no better. Under the Eleventh Amendment to the United States Constitution, an unconsenting State is immune from any lawsuit seeking monetary damages or equitable relief brought in federal court by her own citizens as well as by

citizens of other states.  Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law.  See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra.  Thus, absent consent or waiver, not here present, the State of Louisiana is immune from suit in this action. This shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state.  Anderson v. Phelps, 655 F.Supp. 560 (M.D. La. 1985).  Therefore, any claim asserted by the plaintiff against the Louisiana Department of Public Safety and Corrections is barred by the Eleventh Amendment.

Turning to the plaintiff's claims asserted against the individual defendants, the defendants contend that these claims are similarly barred by the Eleventh Amendment because the plaintiff has signified that he is bringing this action, not against the defendants individually, but solely against the defendants in their official capacities.  The defendants appear to be correct in this regard.  In the Caption of his original Complaint, rec.doc.no. 1, the plaintiff specifically asserts that he is "suing this facility not the defendant[s] for letting these defendants get away with what there [sic] doing and have done."  (Emphasis added). And to the extent that there may be any ambiguity in this assertion, the plaintiff has recently reiterated, even after the filing of the defendants' motion to dismiss, that he is "not suing the defendants but Hunts as a whole".  See rec.doc.no. 32.  See also rec.doc.no. 35, wherein he states that his claim "was and still is against Hunts Facity [sic]", and that he wants no monetary relief from the individual defendants but only "from Elayn Hunts Corretional [sic] Center".  It thus appears clear

that the plaintiff is seeking to impose liability upon the prison itself and not the individual defendants.  As such, it appears clear that the plaintiff has named the defendants solely in their official capacities and not in their individual capacities.  In other words, by explicitly stating that he not suing the individual defendants but, rather, is suing the institution itself, he makes clear that this is an official-capacity lawsuit.  See Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (recognizing that "the real party in interest in an official-capacity suit is the governmental entity and not the named official").  See also Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (recognizing that an official-capacity lawsuit is "another way of pleading an action against an entity of which an officer is an agent").  Although this Court liberally interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and has therefore often found defendants to be named in both their individual and official capacities where there has been any ambiguity, the absence of ambiguity in the plaintiff's pleadings in this case compels the conclusion that the plaintiff has named the defendants solely in their official capacities.

A suit against a state official in his or her official capacity is treated as a suit against the State.  See Hafer v. Melo, supra.  As such, it is prohibited by the Eleventh Amendment.  Inasmuch as the plaintiff has named the defendants in only their official capacities in this case, the defendants' Motion to Dismiss should be granted, dismissing the plaintiff's claims asserted herein.

## RECOMMENDATION

It is recommended that the defendants' Motion to dismiss, rec.doc.no. 14, be granted, dismissing the plaintiff's claims asserted against the defendants based upon Eleventh Amendment immunity, and that

this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, October 4, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**